UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  | : |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-cr-00546 |
| Plaintiff, | : |  |
|  | : | ORDER |
| vs. | : | [Resolving Doc. 25] |
|  | : |  |
| DEONTAE WALKER, | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Deontae Walker moves for a correction of his sentence to reflect credit for time served while in State custody.[1] Although styled as a *nunc pro tunc* motion to correct a sentencing order, Walker challenges the manner in which his sentence is being executed. The Court thus construes his motion as a 28 U.S.C. § 2241 petition for a writ of habeas corpus.[2]

Walker has not alleged that he has exhausted his administrative remedies.[3] And a district court cannot review a Bureau of Prisons credit determination until the defendant has exhausted the Bureau of Prisons' administrative process.[4] The Court has no subject matter jurisdiction to consider Walker's petition.[5]

For the foregoing reasons, the Court **DENIES** Walker's motion.

---

[1] Doc. 25. The Government Opposes. Doc. 26.

[2] *See U.S. v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).

[3] On June 1, 2020, the Court ordered Defendant Walker to file a description of his administrative efforts with the Bureau of Prisons. On June 8, 2020, Walker filed a letter detailing other concerns with his motion but did not address his administrative remedies. Doc. 27.

[4] *U.S. v. Westmoreland*, 974 F.2d 736, 736 (6th Cir. 1992) ("Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the District Court.").

[5] *U.S. v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002).

Case No. 1:18-cr-00546
Gwin, J.

    IT IS SO ORDERED.

Dated: August 19, 2020        *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE